**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**


UNITED STATES OF AMERICA,     )
          )
         Plaintiff,     )
          )
         v.     )     No. 09-4003-04-CR-C-NKL
          )
DEMARCO LARON BURNETT,     )
          )
         Defendant.     )

## REPORT AND RECOMMENDATION

Before this Court is defendant Demarco Laron Burnett's Motion to Suppress Evidence on the Basis of an Unlawful Search and Seizure under the Fourth Amendment to the United States Constitution. The Government has responded in opposition to the motion. A hearing was held on the motion on June 8, 2009. Subsequent to the hearing, the parties were given an additional seven days to supplement the record. On June 15, 2009, the Government filed Supplemental Suggestions in Opposition to defendant Burnett's motion.

The credible evidence presented at the hearing and in the parties' filings establish that on May 4, 2008, at approximately 3:00 p.m., Detective Geoff Jones, of the Columbia Police Department, while driving an unmarked car, observed defendant Burnett driving a blue truck. Based on his knowledge of Burnett's extensive history of having his driver's license revoked, Jones believed Burnett to be driving in violation of his revoked license. Jones contacted the Columbia Police Department to see if a uniformed officer was available to arrest Burnett. Officer Brotemarkle of the Columbia Police Department was contacted. Brotemarkle requested a records check on Burnett at 3:05 p.m. This inquiry was made by Officer Sergeant of the Columbia Police Department at the request of Brotemarkle. The records check disclosed that revocation of Burnett was effective on May 1, 2007, and that his revocation remained active. Another check was run at 3:07 p.m., which also confirmed that defendant Burnett's revocation remained active on that date. Thus, probable cause existed for his arrest for driving while revoked.

Officer Jones continued to survey Burnett who drove the truck to 705 Spencer Avenue in Columbia, Missouri. Detective Jones observed Burnett leave the truck and enter the residence. Subsequently, Jones observed Burnett walking north on Spencer Avenue to Eagle Liquors. Based on the description given by Detective Jones, Officer Brotemarkle located Burnett at Eagle Liquors. Officer Brotemarkle entered Eagle Liquors and asked Burnett to confirm his identity, which he did. Brotemarkle then arrested Burnett for driving while revoked, and ordered him to place his hands on top of his head and interlock his fingers. Incident to the arrest, Officer Brotemarkle searched Burnett and located approximately $4,250.00 in cash, and a baggie containing what appeared to be "crack" cocaine. Brotemarkle placed these items on the counter next to Burnett and began to handcuff him. As he was being handcuffed, Burnett bent over and used his mouth to pick up the baggie containing what appeared to "crack" cocaine in an apparent attempt to swallow it. Officer Brotemarkle forced Burnett to the floor and attempted to prevent him from swallowing the baggie of "crack" cocaine. Officer Sergeant, who was also in the business at the time, came to assist Brotemarkle. In an attempt to stop Burnett from swallowing the "crack" cocaine and resisting, Officer Sergeant stunned him with a taser, but Burnett successfully swallowed the baggie of "crack" cocaine and continued to struggle and resist officers. Burnett would not lay on his stomach and kept trying to reach into the back side of his pants around his buttocks area. The officers became concerned as to whether Burnett may have a weapon or possible additional contraband on his person. Officer Brotemarkle then observed an unusual bulge in the rear of Burnett's pants. Brotemarkle believed the bulge was additional controlled substances, noting that the crack of the buttocks is a common location for hiding drugs. Brotemarkle held Burnett's hand away from his back and directed Officer Sergeant to pull off Burnett's big baggy, oversized jeans, which slid off easily. With Burnett in his boxer shorts, Brotemarkle felt the bulge and then retrieved the baggie from the rear of Burnett's boxer shorts. The baggie appeared to contain several individual packages of "crack" cocaine. After the officers had retrieved this baggie from Burnett's boxer shorts, Burnett settled down and stopped resisting arrest.

2

During transport to the police department, Burnett made spontaneous statements to the transporting officer, apologizing for his resistance and indicating he was only resisting to keep officers from retrieving the "crack" cocaine.

## Discussion

Defendant Burnett argues that Detective Geoff Jones and Officer Brotemarkle did not have probable cause to arrest him, and therefore, the search of his person violated his constitutional rights. It is well settled that a warrantless search of an arrested person is valid when conducted incident to a lawful, custodial arrest. New York v. Belton, 453 U.S. 454 (1981); United States v. Robinson, 414 U.S. 218, 235 (1973). A custodial arrest is valid if supported by probable cause. Probable cause exists if the totality of circumstances known to all officers involved at the time of the arrest were sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense. United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005). Probable cause simply requires "a reasonable ground for belief of guilt." Pennsylvania v. Dunlap, __ U.S. __, 129 S. Ct. 448 (2008). A reasonable belief is "a probability and not a prima facie showing of criminal activity." Id. "A police officer may draw inference based on his own experience in deciding whether probable cause exists." Id.

Based on Detective Jones' personal observation that Burnett was driving, and confirmation through the Columbia Police Department MULES computer system that Burnett did not have a valid license, probable cause existed for his arrest. See United States v. Watson, 423 U.S. 411, 418 (1976) (law enforcement officers may lawfully arrest persons without arrest warrants for any offense committed in the presence of an officer). Further, the court notes that Burnett testified at the suppression hearing that he was, in fact, in the blue truck as identified by Detective Jones, and that his license was revoked at the time.

The probable cause developed by Detective Jones and Officer Brotemarkle justified Officer Brotemarkle's arrest of Burnett. The collective knowledge of all law enforcement officers involved in an investigation may be used to establish probable cause for an arrest; probable cause need not be based solely on the information within the knowledge of the officer on the scene. United States v. Morales, 238 F.3d 952, 954 (8th Cir. 2001). See also Chortek v. City of Milwaukee, 356 F.3d 740, 745 (7th Cir. 2004) (sufficient probable cause for arrest where

officer who observed the violation identifies the suspect to a uniformed officer who makes the arrest). Because officers had probable cause to arrest Burnett, and because Burnett was arrested in a public location, no warrant was required, and Burnett's arrest without a warrant was lawful. Further, because the officers had probable cause to arrest Burnett, his argument that Officer Brotemarkle's stop was pretextual has no merit. It is well settled that, "so long as police have probable cause to believe that a traffic violation has occurred, the stop is valid even if the police would have ignored the traffic violation but for their suspicion that greater crimes are afoot." United States v. Chatman, 119 F.3d 1335, 1340 (8th Cir. 1997).

When there is probable cause to arrest someone, a search of his person incident to arrest is permissible under the Fourth Amendment. Virginia v. Moore, __ U.S. __, 128 S. Ct. 1598, 1605, 1607 (2008). The search incident to a lawful arrest exception to the warrant requirement derives from interests of officer safety and evidence preservation that are typically implicated in arrest situations. Arizona v. Grant, __ U.S. __, 129 S. Ct. 1710, 1713 (2009). A search incident to arrest includes the arrestee's person and the area within his immediate control; that is the area from which the arrestee might gain possession of a weapon or destructible evidence. Id.

In the instant case, the search of Burnett's person, including his boxer shorts, was incident to his lawful arrest. The interests justifying the search of his person were present. Virginia v. Moore, __ U.S. at __, 128 S. Ct. at 1607 (interests justify a search of a defendant's person are present whenever the officer makes an arrest). A search incident to arrest is only unconstitutional if it is "extreme or patently abusive." United States v. Robinson, 414 U.S. 218, 236 (1973).

In the instant case, the officers' search of Burnett's person was not extreme or patently abusive. The officers were concerned that the obvious and unusual lump in the rear of Burnett's pants could be a weapon or additional drugs. Search incident to arrest is lawful because of the inherent risks associated with an arrest such as destruction of evidence and safety concerns. The obvious and unusual lump in Burnett's pants needed to be dealt with because it could have been a weapon or drugs. The officers were not required to wait until they could get Burnett transported to the police station before they investigated the unusual lump. Burnett had already managed to swallow a baggie of what was believed to be "crack" cocaine that was located on his person, despite his being placed in handcuffs. Further, as shown by the Eagle Liquors

4

surveillance video, Burnett was combative and was forcefully resisting the officers as they tried to handcuff him, and appeared to be trying to conceal from the officers' view the lump in the rear of his boxer shorts. Officer Brotemarkle testified that even after being handcuffed, it is possible for thin persons, like Burnett, to get access to the object in the rear of his boxer shorts if it had not been removed. The officers' concern that destructible evidence may be lost, and safety concerns were reasonable.

Although Burnett's large, baggy pants were removed from his person while in the store where he was taken into custody, there was nothing extraordinary or harmful about this search, and any invasion of his privacy was objectively reasonable. The search was not a strip search as alleged by Burnett. His pants were extremely baggy and removed very easily; he was wearing boxer shorts underneath his jeans which were already exposed under his baggy pants, and at no point was Burnett nude. Cf: Campbell v. Miller 499 F.3d 711 (7th Cir. 2007) (search incident to arrest that involved nudity and visual inspection of anal area in open backyard exposed to the neighbors was an unreasonable strip search).

## Conclusion

Burnett's arrest was based on probable cause, and was in a public place, thus, no warrant was required and his arrest was lawful and did not violate his constitutional rights. The search and seizure of evidence subsequent to his lawful arrest also did not violate his constitutional rights. Therefore, there is no fruit-of-a-poisonous-tree argument to be made. This court finds no basis for suppression of evidence and subsequent spontaneous statements made by Burnett.

IT IS, THEREFORE, RECOMMENDED that defendant Demarco Laron Burnett's motion to suppress evidence be denied. [213]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge