IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4003-04-CR-C-NKL |
| | ) | |
| DeMARCO LARON BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

On June 8, 2009, a hearing was held on the motions to suppress, for change of venue and to sever filed by defendant DeMarco Laron Burnett. Defendant Burnett appeared in person and was represented by counsel Brian David Risley.

Defendant Burnett's motion requesting the court to sever his case from that of the other defendants was addressed at the hearing. Defendant Burnett argued that the court should sever his case from that of the other defendants because he was incarcerated in the Missouri Department of Corrections for all but approximately ten to twelve weeks of the two-year period charged in the indictment. Burnett argues his involvement in the conspiracy is limited to drugs and that he was not involved in the other charges in the indictment, such as the firearms offenses alleged. Burnett argues that because the case involves sixteen defendants and multiple different charges, the case is too complex for a jury to compartmentalize the evidence and Burnett will not receive a fair trial involving his Fifth and Sixth Amendment rights.

Joinder is proper under Rule 8(b) where codefendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Indeed, there is a preference for joint trials under the Federal Rules. Zafiro v. United States, 506 U.S. 534, 537 (1993); United States v. Ruiz, 446 F.3d 762, 772 (8th Cir. 2006). A court may grant a defendant's motion to sever where "joinder of offenses

and defenses in an indictment . . . appears to prejudice a defendant. Fed. R. Crim. P. 14. However, a "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539.

Defendant Burnett is charged in a multi-count indictment. In Count One, he is charged jointly with fifteen codefendants with conspiracy to distribute cocaine base, cocaine and marijuana. In Counts Six and Nine, he is charged with possession with the intent to distribute cocaine base.

The fact that defendant is not charged in all counts of the indictment does not mean he is improperly joined, pursuant to Rule 8(b). The charges against all defendants in the indictment relate to the same series of acts constituting the offenses for which they are charged. Defendant Burnett and numerous other defendants have been properly joined and indicted, pursuant to Rule 8(b), on conspiracy charges related to distribution of cocaine base, cocaine and marijuana.

When defendants are indicted together, pursuant to Rule 8(b), there is a preference for joint trials. Zafiro, 506 U.S. at 537. Separate trials are not required under Rule 14 just because defendant Burnett did not participate in all aspects of the conspiracy. United States v. Kaminski, 692 F.2d 505, 520 (8th Cir. 1982). To show prejudice requiring severance, a defendant must demonstrate that the jury would be unable to compartmentalize the evidence as it relates to the separate defendants. United States v. Ruiz, 446 F.3d at 772. Defendant Burnett can point to no specific items of prejudice, such as an interlocking confession, which cannot be handled by an appropriate limiting instruction to a jury. Zafiro v. United States, 506 U.S. at 540. Defendant Burnett's argument that it is unfair for him go to trial with other allegedly more culpable defendants in the conspiracy indictment fails to allege prejudice requiring severance. Persons charged in a conspiracy are generally tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. United States v. O'Meara, 895 F.2d 1216, 1218 (8th Cir. 1990); see also United States v. Searing, 984 F.2d 960, 965 (8th Cir. 1993) (in the context of a conspiracy, severance will rarely, if ever, be required). Further, defendant Burnett is not entitled to severance merely because he may have a better chance of acquittal in separate trials. Id. at 540.

2

This court finds no special issue of prejudice has been raised by defendant which makes this case different from any other multi-defendant drug conspiracy case that goes to trial. Any alleged risk of prejudice can be cured by less drastic measures, such as a limiting instruction to the jury. Zafiro, 506 U.S. 538-39.

IT IS, THEREFORE, RECOMMENDED that defendant Burnett's motion for severance be denied. [215]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge