# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4003-04-CR-C-NKL |
| | ) | |
| DeMARCO LARON BURNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

On June 8, 2009, a hearing was held on the motions to suppress, for change of venue and to sever filed by defendant DeMarco Laron Burnett. Defendant Burnett appeared in person and was represented by counsel Brian David Risley.

Defendant Burnett's motion for change of venue argues he will be prejudiced by the fact that the juror pool picked to decide his case will have heard of the "Cutthroat Gang" and defendant's association with the gang, thereby depriving defendant of an opportunity to receive a fair trial.

A motion to transfer under Federal Rule of Criminal Procedure 21(a) based on pretrial publicity is addressed at the sound discretion of the court. United States v. Green, 983 F.2d 100, 102 (8th Cir. 1992). When a change of venue request is made to the court alleging that pretrial publicity would make a trial unfair, the court must determine whether the publicity is so extreme and corrupting that it must be assumed that unfairness of constitutional magnitude would exist absent a change in the trial location. United States v. Nelson, 347 F.3d 701, 707 (8th Cir. 2003).

In the instant case, this court finds there to be no inherent prejudice resulting from pretrial publicity. Although there has been some press coverage of this case, the coverage has not been extensive. The coverage has been nothing more than the reporting of the basic facts of the case on the few relevant dates that there has been law enforcement activity; namely, the initial press

conference that notified the public of the indictment, detention status of defendants, and the superceding indictment. The press has been merely fulfilling its duty to report matters of public interest. There have been no articles or stories released on a daily or even weekly basis in this case. The Eighth Circuit has been reluctant to presume prejudice from the mere fact of pretrial publicity. Shell v. Lockhart, 14 F.3d 1289, 1293 (8th Cir. 1994). Further, the media coverage has mainly been in the Columbia area and not in other areas of Central Missouri from which the jury will be drawn. Nothing has been reported in the media coverage of this case that is so sensational or inflammatory that it would warrant as drastic a remedy as a change in venue. Any concerns regarding exposure to pretrial publicity can be adequately addressed during voir dire.

     IT IS, THEREFORE, RECOMMENDED that defendant DeMarco Laron Burnett's motion for change of venue be denied. [214]

     Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

     Dated this 30th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge